UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD MONTGOMERY, :
 :
    Plaintiff : No. 4:CV-08-2021
 :
  vs. : (Complaint Filed 11/07/08)
 :
 : (Judge Muir)
DOMINICK DEROSE, et al., :
 :
    Defendants :

**MEMORANDUM AND ORDER**

August 20, 2009

**Background**

    Edward Montgomery, an inmate confined in the Dauphin County Prison, Harrisburg, Pennsylvania, filed the above captioned civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains of the conditions surrounding his confinement. Currently pending before the court is defendants' motion to dismiss the plaintiff's complaint in which defendants argue that Montgomery has failed to exhaust available administrative remedies.[1] (Doc. 23). The motion is fully briefed and is ripe

---

1. In Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004), the United States Court of Appeals for the Third Circuit addressed the issue of whether the defendants in Spruill properly identified their motion as one for dismissal pursuant to Fed.R.Civ.P. 12(b)(6). The Court noted that "[g]iven that the

for disposition. For the following reasons, the Court will grant the motion.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant

---

exhaustion issue turns on the indisputably authentic documents related to Spruill's grievances, we hold that we may also consider these without converting it to a motion for summary judgment. Id. at 223. (citing Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1212 (10th Cir. 2003)). See also Brown v. Croak, 312 F.3d 109, 111(3d Cir. 2002)("In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss"); Ray v. Kertes, 285 F.3d 287, 293 n.5(3d Cir. 2002) (motions to dismiss may be pursued on failure to exhaust grounds in certain circumstances). Accordingly, the records submitted by defendants in support of their motion to dismiss are indisputably authentic records which may be considered by this Court without converting the motion to a motion for summary judgment.

on notice of the essential elements of the plaintiff's cause of action." Id. The court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see also Bell Atlantic Corporation v. Twombly,__U.S.__, 127 S.Ct. 1955 (2007)(while a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not acceptable). In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Brouse v. Itinger, et al., Civil No. 88-1627 (M.D. Pa. April 26, 1989). However, the court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts". Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting Mescall v. Burrus, 603 F.2d 1266, 1269 (7th Cir. 1979)). Likewise, the court need not "conjure up unpled allegations or contrive elaborately arcane scripts" in order to breathe life into an otherwise defective complaint. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). In light of these standards, we will

3

now consider the merits of the motion to dismiss.

**Facts Alleged in Amended Complaint**

Plaintiff states that on May 29, 2008, "C-Block was on a lockdown" and that on June 6, 2008, "[he] was transferred from B-Block's day room" and "should not have been because [he] was already placed on a block that was already lockdown[ed]." (Doc. 1, complaint).

Plaintiff further alleges that a June 16, 2008 request by inmates for "a white shirt to come to block" resulted in all inmates being placed "on excessive lockdown, denied hot meals, showers and basic needs to survive," as well as "no recreation for over 3 weeks" and "strip searched on camera and handcuffed for showers after 2 weeks without showers." Id. In addition, plaintiff claims that defendants held his legal mail and his "right to receive information through the mail." Id. Thus, plaintiff filed the instant action in which he claims that his First, Fourth, Eighth and Fourteenth Amendment rights were violated. Id.

On October 28, 2008, plaintiff submitted an Inmate Request Form to Warden DeRose requesting:

> To file a grievance for the pretrial confinement

4

> conditions that occurred on June 16th to July 8th. I wrote one after the incident and didn't get a response from the prison. I want to make sure my grievance was heard and my legal work has still not been returned to me.

(Doc. 25, Ex. A, Inmate Request Form).

On November 7, 2008, plaintiff filed the instant civil rights action, seeking compensatory and punitive damages, as well as injunctive relief. (Doc. 1, complaint).

By correspondence dated November 19, 2008, Captain Lahr recommended to Major Stewart that plaintiff's October 28, 2008 complaint be denied based on the following:

> On October 28, 2008, inmate Edward Montgomery filed a complaint. In the complaint he alleges that he filed a grievance that was not responded to concerning "Pretrial Confinement". Upon investigation, searching the data base for all grievances filed by inmate Montgomery, it was determined that no grievance was filed previously. Additionally inmate Montgomery claims that legal paperwork was never returned to him. Attached is a copy of the "Inmate (Reclassification) property inventory form dated August 19, 2008 and signed by inmate Edward Montgomery that he received all personal belongings that were stored in booking. Additionally documentation is attached proving that inmate Montgomery never filed a prior grievance as he claimed. In light of this information there is no proof supporting inmate Montgomery's claims and no further action need be taken on this issue.

(Doc. 25, Ex. A, Nov. 19, 2008 Memorandum).

On December 5, 2008, Warden DeRose reviewed plaintiff's

5

complaint and found "no basis for complaint." Id. Plaintiff was advised that if he did not agree with the Warden's decision he could appeal the decision to the Administrative Offices for forwarding to the Prison Board Chairman at the Chair's weekly Prison meeting. Id.

On November 16, 2008, plaintiff submitted another Inmate Request Form to Warden DeRose stating the following:

> I'm waiting on a grievance I filed for the pretrial confinement conditions that occurred on June 16th to July 8th. I wrote one after the incident and didn't get a response from the prison. I want to make sure my grievance was heard and complete, plus my legal work has still not been returned to me. I start trial Dec. 8, 2008. I will like response. Thank you.

(Doc. 15, Ex. A, Inmate Request Form).

By correspondence dated January 5, 2009, Captain Lahr recommended to Major Stewart that plaintiff's complaint be denied based on the following:

> Attached is the response to that previous complaint submitted by inmate Montgomery on the 28th of October, 2008. The response is the exact same as the response that I have attached. The booking sheets indicates that inmate Montgomery signed for all the belongings he was entitled to that he had in booking storage.

(Doc. 25, Ex. A, Jan. 5, 2009 Memorandum).

On January 6, 2009, Warden DeRose reviewed plaintiff's

6

complaint and found the "matter resolved." Id. Plaintiff was advised that if he did not agree with the Warden's decision he could appeal the decision to the Administrative Offices for forwarding to the Prison Board Chairman at the Chair's weekly Prison meeting. Id.

On January 20, 2009, Commissioner Jeffrey T. Haste, Prison Board of Inspectors Chairman, affirmed the denial of plaintiff's October 28, 2008 complaint, stating the following:

> I have reviewed your complaint outlined in your correspondence to me dated 1/13/09, which was received on 1/15/09. Your appeal pertains to two matters: conditions of confinement and legal papers. I am conducting research into your grievance and appeal about conditions of confinement. A separate written response will be provided to you upon the completion of my review of this matter. This memo addresses the remaining subject of your appeal regarding your legal paperwork.
>
> File records were pulled and thoroughly reviewed. You have offered no new information regarding your complaint. According to the Inmate Reclassification Property Inventory Sheet, you signed as having received all personal belongings that were stored for you. Therefore, the Warden's response stands as previously written. Your grievance appeal pertaining to legal papers is denied.
>
> If you do not agree with the above findings, you may appeal to the next level, that being the full Prison Board. This appeal, along with any additional information, should be directed to the Administrative Offices for forwarding to the Prison Board for review

at its next scheduled monthly meeting.

(Doc. 25, Ex. A, Jan. 20, 2009 Response).

On February 10, 2009, Commissioner Haste followed up his January 20, 2009 response with the following:

> You were advised in my 1/20/09 correspondence to you that a separate written response would be provided upon the completion of my review into the aspect of your appeal pertaining to conditions of confinement. This memo serves as that response.
>
> A careful review of file records was conducted. We were unable to identify a grievance from you regarding conditions of confinement. If you wish to supply the Warden's Office with a copy of the first-step response you had received to the grievance you are now appealing, it will be forwarded to me for review. Otherwise, please submit a grievance detailing the items of concern to you, and the grievance will be reviewed in accordance with the Dauphin County Prison grievance guidelines, as outlined on the back cover of the Inmate Handbook.

(Doc. 25, Ex. A, Feb. 10, 2009 Response). No further appeals were filed.

**Discussion**

Defendants argue that plaintiff's complaint should be dismissed because plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), requires prisoners to present their claims through an

administrative grievance process before seeking redress in federal court. The Act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A prisoner must comply with the PLRA exhaustion requirement as to any claim that arises in the prison setting, regardless of the nature of the claim or of the relief sought. See Porter v. Nussle, 534 U.S. 516, 532(2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). "[I]t is beyond the power of [any] court ... to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir.2000).

The availability of administrative remedies to a prisoner is a question of law. See Ray v. Kertes, 285 F.3d 287, 291 (3d

9

Cir.2002). The PRLA requires exhaustion of such administrative remedies "as are available." 42 U.S.C. § 1997e(a); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir.2000). Failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant. See Ray, 285 F.3d at 295. In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss. Id. at 295 n. 8. Without permitting discovery, the District Court granted the defendant's motion to dismiss or for summary judgment. Id.

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Dauphin County Prison. The Dauphin County Prison has a comprehensive administrative grievance procedure which provides for an administrative review of institutional grievances. (See Doc. 23-3, Ex. A, Att. 1, copy attached).

Inmate complaints are to be in writing and directed to the Warden, Deputy Warden or Security Major. Once a designee has reviewed the complaint/grievance and forwarded their review and recommendation to the Warden, a decision will be made by the Warden, and the inmate shall receive a copy of that decision. Id. If the grievant/complainant does not agree with the

Warden's decision, that inmate may appeal to the next level, that being the Chairman of the Dauphin County Prison Board of Inspectors. Id. Any appeal to this level shall be submitted, along with any and all additional information to support the appeal, to the Administrative Offices of Dauphin County Prison for forwarding to the Prison Board Chairman at the Chairman's weekly Prison meeting. Id.

The Prison Board Chairman shall review the appeal and forward a decision back to the inmate. If the grievant/complainant does not agree with the decision of the Prison Board Chairman, that inmate may appeal to the next level, that being the full Prison Board. Appeals to this level shall be mailed, along with any and all additional information to support the appeal, to the Dauphin County Prison Board of Inspectors, with a copy to the Warden for tracking purposes. Id. The full Prison Board shall review the grievance/complaint, make a decision , and forward a copy of that decision to the inmate. Id.

If the grievant/complainant does not agree with the decision of the Prison Board, that inmate may forward an appeal to the Dauphin County Solicitor. Id. Appeals to this level,

11

along with any and all additional information to support the appeal, shall be mailed to Dauphin County Solicitor's Office, with a copy to the Warden for tracking purposes. Id. The County Solicitor shall review the grievance/complaint, make a decision, and forward a copy of that decision to the inmate. Id. The Solicitor's decision shall be final. Id.

It is patently clear from the chronological background of this action that the plaintiff has failed to exhaust his administrative remedies before filing the above captioned action, as the instant action was filed prior to the decision of the Prison Board Chairman. In addition to filing his action before a decision was received by the Prison Board Chairman, there is no indication that plaintiff appealed his grievances to final review. Thus, because plaintiff did not wait to file his complaint until after he had received determinations from administrative filings and completed the appeal process as to those determinations, he has not met the exhaustion requirements of the PLRA. Moreover, a prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies after initiating suit in federal court. See Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir.2003) (collecting cases and holding that "the district court must look to the time of

filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory"). While the United States Court of Appeals for the Third Circuit has stated that compliance with an administrative remedy scheme will be satisfactory if substantial, see Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir.2004), the court has also stated that, whatever the parameters of substantial compliance may be, it does not encompass the filing of a suit before administrative exhaustion has been completed. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir.2002) (holding inmate could not cure defect in action by amending complaint dismissed for failure to exhaust administrative remedies). Thus, defendants are entitled to dismissal of the plaintiff's complaint. See Ahmed v. Dragovich, 297 F.3d 201, 209, 210 (3d Cir. 2002)(Holding that exhaustion requires completion of the entire administrative-remedy process prior to filing suit)(emphasis added). An appropriate Order will be entered.

s/Malcolm Muir  
MUIR  
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD MONTGOMERY, :
:
    Plaintiff : No. 4:CV-08-2021
:
  vs. : (Complaint Filed 11/07/08)
:
: (Judge Muir)
DOMINICK DEROSE, et al., :
:
    Defendants :

## ORDER

August 20, 2009

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss plaintiff's complaint (Doc. 23) is **GRANTED.**

2. The Clerk of Court shall **CLOSE** this case.

3. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                  s/Malcolm Muir
                                  MUIR
                                  United States District Judge